IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrine N. Chieves,<br><br>                Plaintiff,<br><br>vs.<br><br>State of New York, Treasury Office, Obama Administration, Timothy F. Geither, Jack Lew<br><br>                Defendants. | C/A No. 3:21-cv-2242-JFA-KFM<br><br>**ORDER** |

Darrine N. Chieves, ("Plaintiff") a self-represented state prisoner, brings this action for violations of his constitutional rights and seeks monetary relief pursuant to 42 U.S.C. § 1983. (ECF No. 1). After filing the complaint, Plaintiff filed a motion requesting leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915; § 1915A. (ECF No. 2). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

After reviewing the motion, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Plaintiff's motion to proceed IFP should be denied and that the instant action is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) because it is frivolous and for failing to state a claim upon which relief can be granted. (ECF No. 8). Thus, the Report recommends that this matter be summarily dismissed without prejudice and without issuance and service of process as frivolous.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on July 29, 2021. (ECF No. 8). The Magistrate Judge required Plaintiff to file objections by August 12, 2021. *Id.* Plaintiff failed to file objections.[2] Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this court is not required to give an explanation for adopting the recommendation. Within the Report, the Magistrate Judge states that Plaintiff is barred from proceeding IFP due to the "three strikes" rule contained in 28 U.S.C. § 1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Magistrate Judge correctly concluded that Plaintiff has filed at least three prior lawsuits which count as "strikes" under this provision. In this instant action, Plaintiff has had

---

[2] The Report was returned undeliverable and unable to forward. (ECF No. 13). Plaintiff did not receive the order instructing him to advise the Clerk of Court of any address change either as both orders were mailed together. *Id.* Additionally, Plaintiff was released according to the information on the returned envelope. *Id.*

sixteen cases dismissed and deemed as strikes for purposes of 28 U.S.C. § 1915(g) in the United States District Court for the District of South Carolina. (ECF No. 8).

Accordingly, Plaintiff cannot proceed IFP unless his claim satisfies the exception for imminent physical harm provided by the three strikes rule. *See* 28 U.S.C. § 1915(g). The Magistrate Judge concluded that Plaintiff has failed to allege he is in any imminent danger. (ECF No. 8). Thus, a review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that the Plaintiff's motion to proceed IFP must be denied and that the claim should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

After carefully reviewing the applicable laws, the record in this case, and the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 8). Consequently, this matter is summarily dismissed without prejudice and without issuance and service of process as frivolous.

IT IS SO ORDERED.

October 12, 2021                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                             United States District Judge